**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Peter N. Metrou, Trustee | **DEFENDANTS**<br>Robert Wheeler, III and Massachusetts Mutual Life Insurance Company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Ariane Holtschlag; FactorLaw; 105 W. Madison, Suite 1500; Chicago, IL 60602; 312-878-4830; aholtschlag@wfactorlaw.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Turnover of Property of the Estate under 11 U.S.C. 542

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
■ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 96,626.68 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Robert Wheeler, III | BANKRUPTCY CASE NO.<br>19-01600 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>LaShonda A. Hunt |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ariane Holtschlag | | |
| DATE<br>03/03/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ariane Holtschlag | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Robert Wheeler, III**, | Bankruptcy No. 19-bk-01600 |
| Debtor. | Honorable LaShonda A. Hunt |
| **Peter N. Metrou,** not individually but as Chapter 7 trustee of the bankruptcy estate of Robert Wheeler, III, | |
| Plaintiff, | Adversary No. |
| v. | |
| **Robert Wheeler, III and Massachusetts Mutual Life Insurance Company,** | |
| Defendants. | |

## COMPLAINT FOR TURNOVER
## UNDER 11 U.S.C. § 542(a)

Peter N. Metrou, not individually, but solely in his capacity as the chapter 7 trustee (the "*Trustee*" or "*Plaintiff*") for the bankruptcy estate (the "*Estate*") of Robert Wheeler, III (the "*Debtor*"), complains as follows against the Debtor and Massachusetts Mutual Life Insurance Company ("*MassMutual*", collectively the "*Defendants*").

## JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's chapter 7 bankruptcy case, pending before this Court as case number 19-01600 (the "*Bankruptcy Case*").

{00161075 2}

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. §§157(b)(2)(A), (E) and (O), and this Court has constitutional authority to enter final judgments and orders thereon. If any portion of this proceeding is not a core proceeding or a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering all appropriate orders and judgments on a final basis.

4. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

### I.  The Bankruptcy.

5. On January 18, 2019 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 7 of Bankruptcy Code commencing the Bankruptcy Case.

6. Peter N. Metrou was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Bankruptcy Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

7. Among the assets of the Estate is an interest in life insurance policy number x-xxx-592 held at MassMutual (the "***Policy***").

8. The Policy has a current cash value of approximately $96,626.68.

9. By this complaint, the Trustee seeks to have the Policy liquidated or terminated and the proceeds from such liquidation or termination turned over to the Trustee for administration.

{00161075 2}

## II. The Policy.

10. On or about October 1, 1992, the Debtor obtained whole life insurance policy number X-XXX-592 from MassMutual with a death benefit of $100,000 (the "*Policy*").

11. Between October 1992 and September 2018, the Debtor paid the Policy's premium of $1,790.00, annually.

12. Just prior to the Petition Date, on October 1, 2018, the Debtor did not pay the Policy's annual premium.

13. The Policy's total cash value on October 1, 2018 was $90,175.22.

14. Under the terms of the Policy, on or about November 1, 2018, due to non-payment of the annual premium, the Policy lapsed and was converted to a paid-up term life insurance policy with a right to reinstate within five years of the date of lapse.

15. On February 13, 2019, less than a month after the Petition Date and the day before the Debtor's 341 meeting, the Debtor reinstated the Policy.

## III. The Debtor's concealment of the Policy.

16. The Debtor concealed the Policy and the right to reinstate the Policy from his Schedule A/B.

17. The Debtor failed to disclose the Policy or his reinstatement of the Policy at his 341 meeting on February 14, 2019.

18. On or about March 21, 2019, in response to the Trustee's request, the Debtor produced a copy of his marital settlement agreement.

19. The Debtor's marital settlement agreement identified two cash value life insurance policies owned by the Debtor in August of 2015, including the Policy.

20. The Trustee then requested that the Debtor produce information and documentation relating to the undisclosed Policy and obtained authority to issue a subpoena directly to MassMutual under Bankruptcy Rule 2004.

{00161075 2}

21. On or about September 14, 2019, in response to the Trustee's request, the Debtor, through his counsel, informed the Trustee as follows regarding the Policy:

> MASS MUTUAL LIFE INSURANCE POLICY: This policy was a cash value policy. Dr. Wheeler was unable to make the premium payments. Consequently, under the non-forfeiture provisions the policy was converted to a paid-up term policy. If Dr. Wheeler dies the policy will pay a death benefit to his beneficiaries. However, **there is no cash value, nor will there ever be any cash value**. Details outlined in Mass Mutual Life Insurance Company letter dated 01/11/2019, attached hereto. The letter from Mass Mutual Life Insurance shows that at the date of the policy's conversion 100% of the cash value was used to purchase a "paid-up" term life policy leaving no cash value.

Emphasis added.

22. When the Debtor represented to the Trustee that "there is no cash value, nor will there ever be any cash value" to the Policy, the Debtor knew that was false. The Debtor knew he had reinstated the Policy seven months earlier and he knew the Policy had a current cash value in excess of $90,000.

23. The Debtor has not amended his Schedule A/B to disclose the Policy or its cash surrender value.

### COUNT I. TURNOVER OF PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 542(a)

24. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

25. Section 542(a) of the Bankruptcy Code provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this

{00161075 2}

title [11 USCS § 363], … shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C § 542(a).

26. As described above, the Policy is property of the Estate. The proceeds of the Policy also are property of the Estate.

27. As property of the Estate, the Trustee is authorized to direct MassMutual to liquidate or terminate the Policy and to deliver the proceeds to the Trustee. *See* 11. U.S.C. §§ 363 and 542.

28. MassMutual is not a custodian within the meaning of 11 U.S.C. § 101(11).

29. MassMutual has maintained possession, custody, and/or control of the Policy during the Bankruptcy Case.

30. The Debtor is not a custodian within the meaning of 11 U.S.C. §101(11).

31. As described above, the Debtor has exercised control over the Policy during the Bankruptcy Case.

32. The Policy is not of inconsequential value or benefit to the Estate.

33. The Policy has a current cash value of approximately $96,626.68.

34. The Debtor has not and cannot assert an exemption in the Policy because the beneficiary is Dawn Wheeler, the Debtor's surviving *former spouse*, a self-supporting non-dependent.

**Wherefore**, the Trustee requests entry of judgment in his favor and against Robert Wheeler, III and Massachusetts Mutual Life Insurance Company, jointly and severally, directing that the Policy be liquidated, the gross proceeds be turned over to the Trustee; and for such other relief as this court deems necessary.

Dated: March 3, 2020                    **Peter N. Metrou,** not individually but solely as the chapter 7 trustee

{00161075 2}

        of the bankruptcy estate of Robert Wheeler, III

        By: */s/ Ariane Holtschlag*
        One of his attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com
          aholtschlag@wfactorlaw.com

{00161075 2}